ALEXANDRE BARRAS and others, Heirs of Alexandre Barras, deceased, *v.* FRANÇOIS CHRETIEN.

APPEAL from the District Court of St. Martin, *King*, J.

*Voorhies*, for the plaintiffs.

*I. E. Morse*, for the appellant.

MORPHY, J. The petitioners, heirs-at-law of the late Alexandre Barras, claim of defendant a sum of $1097 60, with interest thereon at the rate of ten per cent per annum, from the 21st of October, 1830, subject to a credit of $300, paid to their attorney on the 10th of December, 1839. This sum is alleged to be a balance due on a debt of $2,197. 94, acknowledged to be due to their father by the defendant in a notarial act, executed on the 23d of November, 1826, for the purpose of securing it by mortgage, which act was duly recorded, and a re-inscription made on the 16th of September, 1836. The defendant pleads payment, the want of a regular and legal re-inscription of the mortgage, and prescription against the mortgage and the debt. The plaintiffs had a judgment below, from which the defendant has appealed.

The evidence shows that neither the mortgage, nor the debt has been prescribed. The parish judge of the parish of St. Martin, certifies that the inscription was renewed on the 16th of September, 1836; and the attorney of the plaintiffs certifies that the defendant paid to him, in 1839, $300, on account of the mortgage. The petitioners have further produced a written acknowledgment of the defendant, bearing date the 24th of September, 1838, in which he promises to pay, in May following, such balance as he may be found to owe on a settlement to be made between him and the heirs of Alexandre Barras. The plea of payment is attempted to be supported by three receipts, and the testimony of several witnesses. It was unnecessary to produce the receipts, as the sums mentioned in them are admitted in the petition to have been paid. As relates to the parol evidence offered, it seeks to establish that in several conversations which took place a number of years ago, the deceased admitted that the balance remaining due to him was much smaller

than that now claimed. Where it is shown that the defendant was in the habit of taking receipts for the sums he paid, and that the debt was one bearing interest at ten per cent per annum, such testimony is entirely too vague and unsatisfactory to have any weight with us.

<em>Judgment affirmed.</em>